**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0350n.06
Filed: May 3, 2005

No. 04-3758

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,               )
                                        )
    **Plaintiff-Appellant,**               )          **ON APPEAL** FROM THE
                                        )          UNITED STATES DISTRICT
v.                                      )          COURT FOR THE SOUTHERN
                                        )          DISTRICT OF OHIO
RONALD L. WRIGHT,                       )
                                        )
    **Defendant-Appellee.**               )          **O P I N I O N**
_____ )

**Before: KENNEDY, MOORE, and SUTTON, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** In this case, the United States appeals the

district court's order suppressing evidence seized during a search of the property owned by the

Defendant-Appellee, Ronald L. Wright ("Wright"). The district court found that the affidavit

supporting the search warrant contained a material false statement and also omitted a material fact,

both of which were the result of a deliberate or reckless disregard for the truth by the attesting

officer. Upon review, we conclude that the unaffected portions of the affidavit are sufficient to

establish probable cause to search Wright's property. Therefore, the order of the district court

suppressing the evidence collected pursuant to the search is hereby **REVERSED**.

## I. BACKGROUND

On August 20, 2001, while conducting aerial surveillance of Athens County, officers from

the Ohio Bureau of Criminal Investigations ("BCI") spotted two marijuana patches located in Wayne

National Forest near state route 78 ("SR78"). The BCI officers subsequently notified the Athens

County sheriff's department about their discovery. Responding to the report, sheriff's deputies Steve Sedwick ("Sedwick") and Jerry Hallowell ("Hallowell") entered the forest and confirmed the presence of marijuana plants. The marijuana patches were located on federal land immediately across SR78 from Wright's property. The next closest property is more than two hundred yards away on SR78. At one of the marijuana patches, Hallowell discovered a green garden hose, which led away from the patch and towards the road. Hallowell followed the hose from the patch through a creek to the roadway, at which point it entered a culvert under SR78. The hose exited the culvert on the other side of SR78 and ran along the wire fence before turning up and running under the fence into a field on Wright's property. The officers testified that from SR78 a person could see above and through the wire fence, and thus they could plainly see the hose lying in the field.

After observing that the hose ran under the fence, Hallowell entered Wright's property by walking around the end of the wire fence, which was located approximately thirty feet from the driveway's entrance. The property did not have a gate, a secure fence, or a no trespassing sign. Hallowell followed the green hose to where it ended, just short of a garden facing SR78. Though the hose did not connect to anything, Hallowell noticed two other hoses lying on either side of the garden. Hallowell also walked up the driveway to make contact with someone at the house, but there was no response to his knocking on the door. Hallowell then returned to the police cruisers and informed Sedwick of his discovery. Sedwick and Hallowell re-entered Wright's property and followed the green hose from the fence line to where it ended just short of the garden. The garden was approximately seventy-five feet from the roadway. Sedwick noticed the two other hoses on either side of the garden as well. He followed the one on the left side of the garden to where it ended at a drained-out pond on the property. The hose which ran to the pond was brownish red in color and had a larger diameter than the green hose which ran from the property to the marijuana patch

2

in the national forest. While following the brownish red hose, Sedwick observed six more marijuana plants in the garden on Wright's property. The hose on the right side of the garden was green in color and similar to the one which ran to the marijuana patch. It was connected to a "yard hydrant." Joint Appendix ("J.A.") at 298 (Sedwick Test. at 61). After following the hoses and discovering the additional plants, the deputies returned to their cruisers to prepare a request for a search warrant. Neither of the officers had entered the garden nor seized any evidence from Wright's property yet.

To obtain a search warrant, Sedwick prepared an affidavit and reviewed it with the assistant county prosecutor, Colleen Flanagan ("Flanagan"). Flanagan added several handwritten statements to the affidavit as well. The typed and handwritten portions of the affidavit state the following factual basis for probable case:

> On this date, spotters in a B.C.I&I [sic] helicopter spotted marijuana plants growing across the highway from the above residence. A water hose is running to the marijuana plants on the west side of 78 through a culvert that goes under SR78 from a pond located on the property of 7840 SR 78. The pond is approximately 50 yards from the above residence on the above property. Six more marijuana plants were located in the garden of Wright's residence of 7840 SR 78. Based on my training and experience [in] investigating drug cases[,] evidence of drug cultivation will be found in the house[.] . . . The six plants growing in the garden of 7840 are within the curtilage of the residence. Curtilage includes mowed property of the residence and the garden and the pond.

J.A. at 30 (Search Warrant Aff.). Sedwick signed the affidavit under oath and presented it to a state-court judge, who granted the warrant request. Upon execution of the search warrant, the police recovered several more marijuana plants and various firearms from Wright's property.

On October 9, 2003, the grand jury indicted Wright on three counts in connection with his manufacturing and possession of marijuana. Shortly thereafter, Wright moved to suppress the evidence obtained through the search warrant on the grounds that the supporting affidavit contained material false statements. Pursuant to the Supreme Court's holding in *Franks v. Delaware*, 438 U.S.

3

154, 155-56 (1978), the district court held an evidentiary hearing to determine whether "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Following the hearing, the district court concluded that the statement in the affidavit that "[a] water hose is running to the marijuana plants on the west side of 78 through a culvert that goes under SR78 from a pond located on the property of 7840 SR 78" was knowingly made and materially false. J.A. at 30 (Search Warrant Aff.). Moreover, the district court found that the affidavit omitted the material fact that the information about the pond and the six additional marijuana plants was discovered during an earlier search of the property by the officers. Applying the criteria laid out in *United States v. Dunn*, 480 U.S. 294, 301 (1987), the district court found that the garden and the pond were part of the curtilage of Wright's residence, and therefore could not be searched by the police without a warrant. Thus, the district court concluded that the omission in the affidavit that the information was obtained through an earlier illegal search was material and undermined the probable cause determination. As a result of these findings, the district court granted the defendant's motion to suppress all the evidence obtained as a result of the search warrant. Pursuant to 18 U.S.C. § 3731, the government appeals this ruling.

## II. ANALYSIS

We have stated that upon review of a "district court's ruling on a *Franks* challenge, we review de novo the district court's legal conclusions, and we review the district court's findings of fact for clear error." *United States v. Keszthelyi*, 308 F.3d 557, 566 (6th Cir. 2002). Applying this standard, we conclude that the district court erred in suppressing the evidence obtained through the search warrant in this case.

4

The Supreme Court has held that a search warrant "'must be voided'" if the defendant can establish "(1) that 'a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit,' and (2) that 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause.'" *Id.* (quoting *Franks*, 438 U.S. at 155-56). We have recognized that in addition to false statements, material omissions may also form the basis of a *Franks* challenge. *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In this case, the district court found that the warrant was void because the affidavit included both a false statement and a material omission. We will review each aspect in turn.

## A. The False Statement

The first step in the *Franks* analysis is to determine whether "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. In this case, Sedwick stated in the affidavit that "[a] water hose is running to the marijuana plants on the west side of 78 through a culvert that goes under SR78 from a pond located on the property of 7840 SR 78." J.A. at 30 (Search Warrant Aff.). We agree with the district court that this statement is "undisputedly inaccurate." J.A. at 228 (Dist. Ct. Mem. & Order at 23). The hose running from the national forest ended in the field before the garden and was not connected to the hose which ran to the pond. Sedwick himself testified that he followed the hose to its end and saw it was unconnected. J.A. at 266-67 (Sedwick Test. at 29-30). Therefore, Sedwick exhibited at least a reckless disregard for the truth by stating otherwise in the affidavit. Thus, the first step of the *Franks* analysis is satisfied.

The next step in the analysis is to determine "with the affidavit's false material set to one side," whether "the affidavit's remaining content is insufficient to establish probable cause."

5

*Franks*, 438 U.S. at 156. The district court held that "striking the false statement that the hose ran from the pond to the marijuana plants across the road eviscerates the connection between the marijuana plants across the road and Defendant Wright's property, and therefore extinguishes any nexus between the illegal marijuana cultivation across the roadway and the residence." J.A. at 234 (Dist. Ct. Mem. & Order at 29). Striking the entire statement, however, cuts too broad a swath. The underlying purpose of the exclusionary rule is that "while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied." *Murray v. United States*, 487 U.S. 533, 542 (1988). In this case, Sedwick stated in the affidavit that "[a] water hose is running to the marijuana plants on the west side of 78 through a culvert that goes under SR78 *from a pond* located on the property of 7840 SR 78." J.A. at 30 (Search Warrant Aff.) (emphasis added). The only false part of the statement was the reference to the pond. Most importantly, the fact that a water hose is running to the marijuana plants through a culvert under SR78 from Wright's property is *undisputedly accurate*. Thus, only the reference to the pond should be stricken, and the appropriate inquiry is whether the remaining part of the sentence is sufficient to establish probable cause to search the property.

The Supreme Court has stated that the determination of probable cause is "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.) (en banc), *cert. denied*, 125 S. Ct. 261 (2004), we held that the mere fact that marijuana was grown near a residence and that a road ran nearby was insufficient to establish "the required nexus between the [defendants'] residence and evidence of marijuana manufacturing." We noted, however, that had the affidavit stated that "beaten paths led from the marijuana patches to the door of the residence,

6

and that two men had been spotted walking from the marijuana patches to the residence, the affidavit would likely have been sufficient to establish probable cause." *Id.*

In this case, by contrast, the evidence linking Wright's residence to the marijuana patches is substantially stronger than used walkways and a single observed visit. Wright argues in his brief that without the water source, observation of the hose is suspicious but not sufficient to establish probable cause. Resp. Br. at 22. We disagree. The police discovered a water hose running from the marijuana patch through a culvert under SR78 and onto Wright's property. Viewing that fact through the "practical, common-sense" lens as required by *Gates*, the only reasonable conclusion is that Wright or someone at his house was providing water through the hose to cultivate the marijuana plants in the national forest. The mere fact that the hose was not connected to a water source at the exact instant the police discovered it is irrelevant. The water hose was clearly placed in a specific route to transport water to the marijuana plants in violation of the law. Therefore, we conclude that the hose itself is sufficient to establish the required nexus between the illegal activity and the place to be searched.[1] Thus, the district court erred in determining that the false statement required the search warrant to be voided.

**B. The Material Omission**

The district court also found that Sedwick omitted from the affidavit the material fact that he and Hallowell had already entered Wright's property and that several of the observations noted in the affidavit were discovered during this pre-warrant search. Central to the district court's

---

[1]Wright relies in his brief on the fact that Sedwick did not believe the hose by itself was sufficient to establish probable cause. Resp. Br. at 22. In his testimony, Sedwick stated that he entered the property and followed the hose to its end because he did not believe he had sufficient evidence to obtain a search warrant. J.A. at 318 (Sedwick Test. at 81). The Supreme Court has stated, however, that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996).

reasoning was its determination that the pre-warrant search was an unconstitutional search of the curtilage of Wright's residence. The government disputes this conclusion and argues that the officers' actions were limited to the open fields of the property and therefore, not a violation of the Fourth Amendment. We need not reach the curtilage question, however, because assuming *arguendo* that the officers entered the curtilage of Wright's residence without a warrant, we hold that including the omitted information in the search warrant affidavit is insufficient to dispel probable cause to search the property.

We have stated that a *Franks* challenge is appropriate where "the affiant engaged in deliberate or reckless disregard of the truth in omitting the information from the affidavit." *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001), *cert. denied*, 535 U.S. 1026 (2002). In this case, Sedwick neglected to include in the affidavit that several of the observations were discovered during a pre-warrant search of the property. Specifically, Sedwick included two discovered facts: that "[t]he pond is approximately 50 yards from the above residence on the above property;" and that "[s]ix more marijuana plants were located in the garden of Wright's residence of 7840 SR 78." J.A. at 30 (Search Warrant Aff.). After the assistant county prosecutor reviewed the affidavit, she added two additional statements to the affidavit: "[t]he six plants growing in the garden of 7840 are within the curtilage of the residence;" and "[c]urtilage includes mowed property of the residence and the garden and the pond." J.A. at 30 (Search Warrant Aff.). Citing the county prosecutor's language, the district court held that even if Sedwick had initially simply neglected to include that he and Hallowell had already searched Wright's property, failure to include that fact after the county prosecutor added those statements "was, at a minimum, reckless." J.A. at 231 (Dist. Ct. Mem. & Order at 26). We agree. Having been advised by the county prosecutor that the areas which he entered were constitutionally protected, Sedwick should have informed the state-court judge that

8

information contained in the affidavit was discovered during what the prosecutor believed was an unconstitutional search. Failure to do so was at least a reckless omission of a material fact.

We have stated that if a defendant demonstrates "that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists." *Atkin*, 107 F.3d at 1217. In this case, if Sedwick had included the fact that he and Hallowell had entered the curtilage of Wright's residence without a warrant, the district court held that the state-court judge would have concluded that the warrant affidavit was tainted by an unconstitutional search. We have stated, however, that the mere fact that an affidavit contains facts gained through an illegal search does not necessarily require that the search warrant be voided. *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). Similar to the analysis in *Franks*, we have held that where a warrant affidavit contains both tainted and untainted information, a court must consider "the sufficiency of the untainted affidavit to see if probable cause exists without the tainted information." *Id.*; *see also Karo v. United States*, 468 U.S. 705, 719 (1984) (holding that "if sufficient untainted evidence was presented in the warrant affidavit to establish probable cause, the warrant was nevertheless valid").

In this case, as we noted above, the search warrant affidavit contains information gained as a result of the pre-warrant search of the property — specifically, the location of the pond and the discovery of six more marijuana plants in the garden. The warrant affidavit also contains information which was obtained *prior to* the pre-warrant search of the property. Most importantly, the police discovered the water hose running from the marijuana patch on federal land through a culvert under SR78 and onto Wright's property. As we observed earlier, the water hose itself is sufficient to establish "a fair probability that contraband or evidence of a crime will be found" on

9

the property. *Gates*, 462 U.S. at 238. Therefore, we conclude, if Sedwick had included the omitted facts, the state-court judge would have found probable cause to search Wright's property without considering the facts obtained in the pre-warrant search. Thus, the district court erred in determining that the omission of the material fact required the search warrant to be voided.[2]

### III. CONCLUSION

In sum, we conclude that even with the exclusion of the false information and inclusion of the omitted material fact, the affidavit is sufficient to establish probable cause to search Wright's property. Therefore, the order of the district court suppressing the evidence collected pursuant to the search of Wright's residence is hereby **REVERSED**.

---

[2]Given our conclusion that the untainted portion of the affidavit is sufficient to establish probable cause to search Wright's property, we further hold that the six marijuana plants which were discovered during the pre-warrant search and seized during execution of the warrant are admissible under the independent source rule. *See Jenkins*, 396 F.3d at 760 (noting that evidence is admissible where "there was sufficient basis for the warrant that was wholly independent from any 'tainted' information").